**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-02833-PHX-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Gregory Tryggestad, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Set Aside Entry of Default Judgment. (Doc. 16.) The Motion is fully briefed and suitable for determination without oral argument. For the following reasons, the Motion will be granted.

## I.    Background

On September 10, 2018, Plaintiff G&G Closed Circuit Events LLC filed a Complaint against Defendants First Arizona Bar LLC and Gregory and Diane Tryggestad, alleging that Defendants displayed a live sporting event (a boxing match) for profit without first obtaining a license to do so. (Doc. 1.) Plaintiff completed service of process on the Tryggestads on October 25, 2018, and on First Arizona Bar LLC on November 7, 2018. (Docs. 11, 12, 13.) Defendants were thus required to respond by November 15 and November 28, 2018, respectively. *See* Fed. R. Civ. P. 12(a)(1).

None of the Defendants filed a response within the required time. On December 13, 2018, Plaintiff filed an Application for Entry of Default. (Doc. 14.) The Clerk of Court entered Defendants' default on December 14, 2018. (Doc. 15.) Although Plaintiff did not

1  request that default judgment be entered or submit an affidavit showing a sum certain

2  amount due on its claims, the Clerk of Court entered a default judgment in favor of Plaintiff.

3  (*Id.*); *see* Fed. R. Civ. P. 55(b)(1) (stating that clerk may enter default judgment "on the

4  plaintiff's request, with an affidavit showing the amount due").

5  Defendants appeared on December 21, 2018, by filing the currently pending Motion

6  to Set Aside Entry of Default Judgment.  (Doc. 16.)

7  **II.    Standard of Review**[1]

8  "The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).

9  "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is

10  the same standard that governs vacating a default judgment under Rule 60(b)."  *Franchise*

11  *Holding II, LLC*, 375 F.3d at 925.  Under that standard, district courts examine three

12  factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct

13  that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening

14  the default judgment would prejudice the other party."  *United States v. Signed Pers. Check*

15  *No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks

16  and brackets omitted).  Although a default may be upheld if any of the three factors is

17  present, district courts must remain cognizant of the policy favoring resolution of cases on

18  their merits.  *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)).

19  **III.   Discussion**

20  **A.    Culpable Conduct**

21  The Court finds that Defendants did not engage in culpable conduct.  A defendant

22  is culpable if she has notice of the action and "intentionally" fails to respond.  *Mesle*, 615

23  F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.

24

25  [1]      The Motion to Set Aside Entry of Default Judgment will be treated as a motion to set aside an entry of default.  As explained below, the standard for setting aside

26  an entry of default mirrors that for vacating a default judgment. *Franchise Holding II, LLC v. Huntington Rests. Grp.*, 375 F.3d 922, 925 (9th Cir. 2004).  However, the standard is

27  applied more stringently when determining whether to vacate a default judgment. *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  The Court declines to

28  apply a more stringent standard here because Plaintiff did not request a default judgment and, contrary to what is stated in the default judgment, the Court *did not* instruct the Clerk of Court to enter judgment.  (*See* Doc. 15.)

2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). "Intentional" in this context means that the defendant "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* Thus, "a conscious choice not to answer" is insufficient by itself to establish culpable conduct. *Id.*

Defendants have established that they acted reasonably and in good faith. They submit declarations asserting that they submitted the Complaint to their insurance carrier and, while awaiting a coverage determination, were informed by an insurance representative that Plaintiff's counsel had agreed to extend the deadline to file a response. (Doc. 16-1, Ex. A, ¶¶ 9–10 & Ex. B, ¶¶ 10–11; Doc. 18-1, Ex. C, ¶¶ 8–9 & Ex. D, ¶¶ 8–9.) Additionally, they state that they immediately sought counsel outside of their insurance carrier upon learning that Plaintiff had applied for an entry of default.

Defendants' explanation for their default is "inconsistent with a devious, deliberate, willful, or bad faith failure to respond," and thus their conduct was not culpable. *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp.*, 244 F.3d at 698). They sensibly submitted the Complaint to their insurance carrier and, as unrepresented parties, reasonably relied on the insurance representative's assertion that she had spoken to Plaintiff's counsel and obtained an extension of time to respond. *Id.* at 1089 (explaining that the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation."). Their lack of bad faith is further evidenced by their celerity in seeking outside counsel and moving to set aside their default, which they accomplished in one week.

Plaintiff argues that Defendants' "subjective beliefs" about the time to respond do not constitute a good faith explanation that establishes a lack of culpability.[2] Plaintiff further argues that Defendants' failure to respond has interfered with the Court's judicial decision-making and was an attempt to manipulate the legal process. The Court disagrees.

---

[2] Plaintiff's counsel submits a declaration stating that he is "confident" that he did not offer an "unlimited extension" because he never makes such agreements and his practice is to inform insurance adjusters to have the insured contact him directly to discuss extensions. (Doc. 17-1, ¶ 4.)

1  Even if Defendants incorrectly believed they were granted an extension, that misbelief was

2  reasonable under the circumstances (particularly their lack of legal representation) and does

3  not amount to bad faith. Consequently, this factor weighs in favor of setting aside the

4  entries of default.

5  **B.  Meritorious Defense**

6  The Court finds that Defendants have raised at least one potentially meritorious

7  defense: that they did not display the boxing match.

> All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation. This approach is consistent with the general principle that the burden on a party seeking to vacate a default judgment is not extraordinarily heavy.

13 *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (internal citations, brackets,

14 and quotation marks omitted).

15  In support of their contention that the business did not air the boxing match, the

16 Tryggestads submit declarations asserting that neither they nor First Arizona Bar LLC

17 approved the airing of a boxing match and, furthermore, that the business had a

18 "longstanding policy not to air that type of programming." (Doc. 18-1, Ex. C, ¶¶ 4, 7 &

19 Ex. D, ¶¶ 4, 7.) They further assert that they are not aware of the business ever showing a

20 boxing match during their twelve years of ownership and supervision. (*Id.*, Ex. C, ¶ 6 &

21 Ex. D, ¶ 6.) Defendants were out of the country at the time the boxing match occurred and,

22 upon their return, do not recall any customers or staff mentioning the match, which would

23 have been unusual for the business to display. (*Id.*, Ex. C, ¶ 7 & Ex. D, ¶ 7.) Accordingly,

24 they allege that they did not show the boxing match. (Doc. 16-1, Ex. A, ¶ 7 & Ex. B, ¶ 8;

25 Doc. 18-1, Ex. C, ¶ 7 & Ex. D, ¶ 7.)

26  The foregoing statements reasonably allow the inference that Defendants did not

27 display the boxing match. Plaintiff argues that, because the Tryggestads were out of the

28 country at the time the match occurred, they cannot in good faith allege that the business

1    did not display the match.  Plaintiff's argument, however, ignores the circumstantial

2    evidence presented by Defendants.  Their longstanding policy to not show boxing matches

3    and supposed adherence to that policy for twelve years supports their contention.  It is not

4    for the Court to determine at this juncture whether Defendants displayed the match; it

5    suffices at this point to say that their contention, if true, constitutes a complete defense to

6    Plaintiff's claims.  *Aguilar*, 782 F.3d at 1107.  This factor weighs in favor of setting aside

7    Defendants' default.[3]

8        **C.    Prejudice**

9        The Court finds that setting aside Defendants' default would not prejudice Plaintiff.

10   "To be prejudicial, the setting aside of [an entry of default] must result in greater harm than

11   simply delaying resolution of the case."  *Mesle*, 615 F.3d at 1095 (quoting *TCI Grp.*, 244

12   F.3d at 701).  A plaintiff opposing the setting aside of an entry of default is unlikely to be

13   prejudiced "[a]bsent a showing of some evidentiary or financial loss."  *Am. Ass'n of*

14   *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 n.2 (9th Cir. 2000).

15       Here, setting aside Defendants' default would do no more than delay resolution of

16   this case.[4]  Nothing before the Court indicates that Plaintiff would suffer evidentiary or

17   financial loss.  Plaintiff disagrees, arguing that because Defendants no longer own and

18   operate the business that allegedly displayed the boxing match, there "may be difficulties

19   in obtaining evidence and increased difficulties in discovery."  However, termination of

20   ownership does not equate to evidentiary loss.  The Tryggestads have appeared and

21   presumably are willing to participate in discovery.  They are the managing members of

22   First Arizona Bar LLC, the former owner of the business, and can speak as to what occurred

23   or may have occurred.  Furthermore, they have already submitted information about who

24   was supervising the business at the time the boxing match occurred.  (*See* Doc. 18-1, Ex.

25   C, ¶ 5.)  There is nothing indicating that those individuals cannot be deposed.

26       Indeed, Plaintiff stops just short of arguing that evidence has been "lost"; Plaintiff

27       _____
         [3]    Having found that Defendants have a potentially meritorious defense, the
28   Court declines to examine the merits of their other proffered defenses.
         [4]    The Court notes that Plaintiff waited one year after Defendant allegedly aired
     the boxing match to file this action.

merely contends that the termination of ownership "may" create "difficulties" in discovery. The possibility of "difficulties" in discovery does not constitute prejudice sufficient to uphold Defendants' default. *See Hayhurst*, 227 F.3d at 1109 n.2. This factor weighs in favor of setting aside the entries of default.

Defendants have shown that all three factors favor setting aside the entries of default. Therefore,

**IT IS ORDERED** that Defendants' Motion to Set Aside Entry of Default Judgment (Doc. 16) is **granted**. The default judgment entered on December 14, 2018 (Doc. 15) is **vacated**. The Clerk of Court is directed to set aside the Entry of Default (Doc. 15) as to Defendants First Arizona Bar LLC and Gregory and Diane Tryggestad.

**IT IS FURTHER ORDERED** that, within **10 days** of the date this Order is docketed, Defendants shall answer or otherwise respond to the Complaint.

Dated this 28th day of January, 2019.

Honorable Rosemary Márquez
United States District Judge